**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRENDA ROBINETTE, | ) | CASE NO. 5:15-cv-2726 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| DR. FRANK LAZZERINI, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Brenda Robinette filed this action against Dr. Frank Lazzerini and Dr. Ravashankar. In the complaint, plaintiff alleges Dr. Lazzerini performed a urinalysis that erroneously indicated she had used the illegal drug crystal methamphetamine. She was then refused treatment by Dr. Lazzerini as well as by her primary care physician Dr. Ravashankar. She asserts claims of medical malpractice, negligence, and violation of the Health Insurance Portability and Accountability Act (HIPAA) against Dr. Lazzerini, and claims of racial discrimination against both defendants. She seeks monetary damages.

On January 19, 2016, plaintiff sought leave to amend her complaint to add additional factual allegations. That motion is granted (Doc. No. 3), and the Court will take those new allegations into consideration as if they were part of the original complaint. Plaintiff also filed a "Motion to State a Claim upon which Relief may be Granted" (Doc. No. 6), which appears to be an attempt to further supplement her complaint. To the extent plaintiff is providing additional

information, the Court will consider it when reviewing her original complaint, as amended by Doc. No. 3.

In addition, on December 31, 2015, plaintiff sought leave to proceed *in forma pauperis.* (Doc. No. 2.) Due to clerical errors in her first affidavit, the Court ordered her to either pay the full filing fee or file an amended motion that corrected the deficiency. On February 4, 2016, plaintiff complied with the order by amending her pauper application. Plaintiff's amended motion to proceed *in forma pauperis* (Doc. No. 5) is granted.

## I. Background

Plaintiff alleges she had an appointment with Dr. Lazzerini in January 2015. During the examination, plaintiff provided a urine sample. She does not indicate the purpose of her visit, but contends she did not have a medical condition that required a urine test. She also alleges she had been taking Vicodin four months earlier, but she believed that medication would be out of her body by the time of the urinalysis. The lab report indicated the presence of crystal methamphetamine in her urine. She questions the techniques utilized by the lab to run the test and denies that she took this drug. She contends her results may have been confused with those of another patient, or were read incorrectly. She went to the emergency room at Altman Hospital and asked the medical staff to test for the presence of drugs. She claims their tests were negative for crystal methamphetamine. She does not indicate when she had this test performed at Aultman Hospital, or how much time expired between the two tests.

Furthermore, plaintiff alleges that Dr. Lazzerini's medical assistants placed the lab results in her medical file and shared them with her primary care physician, Dr. Ravashankar, without

her consent, in violation of the HIPAA. (Doc. No. 3 at 18.)[1] She contends both doctors now refuse to treat her based on the erroneous test result. She indicates she is a recovering addict and is very proud of her sobriety. Plaintiff indicates she works as a phlebotomist and has to take regular drug tests to maintain her position. She states she passed all of her recent drug tests, but is concerned that the information in her medical file will negatively affect her employment and her health insurance. She claims, without explanation, that both doctors were more respectful to their Caucasian patients. She concludes that "[t]he whole incident was racially motivated on behalf of both [doctors] and their staff in which who [sic] they are responsible for their actions." (Doc. No. 6 at 30.) She further asserts that Dr. Lazzerini committed medical malpractice, and was negligent.

## II.     Standard of Review

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*., 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, "the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

## III.    Analysis

Plaintiff first suggests that Dr. Lazzerini's staff violated HIPAA. HIPAA, however, does not afford individuals a private right of action. Rather, penalties for HIPAA violations are imposed by the Secretary of Health and Human Services. *See* 42 U.S.C. § 1320d–5(a)(1); *see also Wilson v. Memphis Light, Gas & Water,* No. 12-2956-STA-TMP, 2013 WL 4782379, at *2-3 (W.D. Tenn. Sept. 5, 2013) (listing cases in which courts have held that HIPAA provides no private right of action). Therefore, plaintiff's factual allegations that Dr. Lazzerini's office violated HIPAA by providing her medical records to Dr. Ravashankar, even taken as true, do not state a claim upon which relief may be granted.

4

Plaintiff also claims defendants discriminated against her based on her race. She does not explain this claim, nor does she indicate the specific legal cause of action she intends to assert. The Court is aware that, at this stage, plaintiff is not required to plead her discrimination claim with heightened specificity. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-14, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Nevertheless, the Supreme Court clarified that a plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 550 U.S. at 678. "[A] complaint will [not] suffice if it tenders 'naked assertions devoid of further factual enhancement.'" *Twombly*, 550 U.S at 557. The Sixth Circuit explored the scope of *Twombly* and *Iqbal* noting that "even though a complaint need not contain detailed factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegation in the complaint are true.'" *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's discrimination claim never rises above the speculative level. The Court is left to guess at how the limited description of the events suggests that either defendant intended to discriminate against her based on race. She claims someone at a lab conducted the urinalysis incorrectly, misread the results, or confused her test with the test from another patient. She claims the medical assistants in Dr. Lazzerini's office put this information in her medical file and shared her test results with Dr. Ravashankar's office because Dr. Ravashankar was her primary care physician. Both physicians chose to believe the erroneous lab result and terminated their professional relationship with plaintiff. She states both doctors and their staff discriminated against her and showed more respect for their Caucasian patients. She simply asserts that "[t]he

5

whole incident was racially motivated on behalf of both [doctors] and their staff in which who [sic] they are responsible for their actions." (Doc. No. 6 at 30). Plaintiff's claim is stated as a legal conclusion. This is not sufficient to meet the basic pleading requirements in federal court. *See* Fed. Civ. R. 8(a)(2) & (d)(1) (stating that a complaint must provide "a short and plain statement of the claim" made by "simple, concise, and direct" allegations); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (legal conclusions alone are not sufficient to present a valid claim, and court is not required to accept unwarranted factual inferences).

Plaintiff's remaining claims arise, if at all, under state tort law. Supplemental jurisdiction exists whenever state law and federal law claims "derive from a common nucleus of operative fact["] and when considerations of judicial economy dictate having a single proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id*. at 726. In cases where the federal claims are dismissed before trial, the state law claims should also be dismissed. *Id*. at 726. Having dismissed plaintiff's federal law claims, this Court declines to exercise supplemental jurisdiction over plaintiff's state law claims of medical malpractice and negligence. *See also* 28 U.S.C. § 1367(c)(3).

**IV.     Conclusion**

For all the foregoing reasons, plaintiff's amended motion to proceed *in forma pauperis* (Doc. No. 5) is granted. Her motions to amend the complaint (Doc. Nos. 3 and 6) are also granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 11, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

7